# UNITED STATES DISTRICT COURT

for the

Western District of Oklahoma

| | |
|---|---|
| In the Matter of the Search of | ) |
| *(Briefly describe the property to be searched or identify the person by name and address)* | ) ) |
| A silver Apple iPad, IMEI Number 355807085661311, located at 901 N.E. 122nd St., Oklahoma City 73114 | ) ) ) |

Case No.  M-24-153      -STE

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*

See Attachment A.

located in the _____Western_____ District of _____Oklahoma_____ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more):*

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922 (j) | Possession of a Stolen Firearm |
| 18 U.S.C. § 922(o) | Unlawful Possession of a Machine Gun |

The application is based on these facts:

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

David J. McCauley, Special Agent, ATF
*Printed name and title*

Sworn to before me and signed in my presence.

Date: __**Feb 15, 2024**__

City and state: ▮▮▮▮▮▮▮▮▮▮ **Lawton, OK**

_____
*Judge's signature*

SHON T. ERWIN, U.S. Magistrate Judge
*Printed name and title*

## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

**In the Matter of the Search of a silver Apple iPad, IMEI Number 355807085661311, located at ATF Oklahoma City, 901 N.E. 122nd St., Oklahoma City, OK 73114**

**Case No. M-24-153-STE**

## AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR A SEARCH WARRANT

I, David J. McCauley, Jr., Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives, having been duly sworn, depose and state as follows:

## INTRODUCTION

1.      I make this Affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of property, an electronic device identified below and in **Attachment A**, which is currently in law enforcement possession, and the extraction from that property of electronically stored information described in **Attachment B**, which constitutes evidence of violations of 18 U.S.C. § 922(j) and 18 U.S.C. § 922(o).

2.      I am a federal law enforcement officer as defined under Rule 41(a)(2)(C) and am authorized to request this search warrant because I am a government agent who is engaged in enforcing federal criminal laws and I am

within the category of officers authorized by the Attorney General to request such a warrant.

3.     I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF).  I have been employed by ATF since June 2018.  Prior to my employment with ATF, I was employed as a police officer for the Hampton Police Department for seven years.  In total, I have been employed in law enforcement for twelve years.  I am a graduate of the Federal Law Enforcement Training Center and the ATF National Academy; as a result of my training and experience as an ATF Special Agent, I am familiar with federal criminal laws.  I am currently responsible for conducting investigations into violations of federal laws, including violations of the Gun Control Act of 1968 (Title 18, United States Code, Sections 921, et seq.).

4.     As part of my investigative experience as an ATF Special Agent, I have learned that people involved in the violation of federal firearms laws frequently use cellphones and other electronic devices to maintain books, records, receipts, notes, ledgers, bank records, money orders, and other papers relating to the purchase, manufacture, transportation, order, sale and illegal transport, transfer, and exportation of weapons and ammunition.  Additionally, people engaged in the violation of federal firearms laws often maintain literature—including books, pamphlets, drawings, sketches, diagrams, photographs, photocopies, and computer generated or computer stored

information of the same—pertaining to the assembly, manufacture, and functioning of weapons and ammunition on cellphones and other electronic devices.

5.     I am submitting this Affidavit in support of a search warrant authorizing a search of an electronic device: **a silver Apple iPad, 5th Generation, IMEI Number 355807085661311 (Subject Device)** located in secure evidence storage at the ATF Oklahoma City Field Office, 901 N.E. 122nd Street, Oklahoma City, Oklahoma 73114, as further described in **Attachment A**, which is incorporated into this Affidavit by reference.  I am submitting this Affidavit in support of a search warrant, which would authorize the forensic examination of the **Subject Device** for the purpose of identifying electronically stored data that is particularly described in **Attachment B**, which constitutes evidence of violations of 18 U.S.C. § 922(j) and 18 U.S.C. § 922(o).  The requested warrant would also authorize the seizure of the items and information specified in **Attachment B.**

6.     Based on my training, and experience, I know that the **Subject Device** has capabilities that allow it to serve as a cellular telephone, digital camera, portable media player, GPS navigation device, and personal digital assistant.

7.     Based on my training and experience, and the facts set forth in this Affidavit, there is probable cause to believe that violations of 18 U.S.C. § 922(j)

and 18 U.S.C. § 922(o) have been committed by **Kubayh Anwar BIRDSONG Jr., a/k/a "Dada Birdsong" (BIRDSONG)** and others.  There is also probable cause to search the property described in **Attachment A** for evidence of these crimes, as described in **Attachment B.**

8.      Since this Affidavit is being submitted for the limited purpose of securing a search warrant, I have not included each and every fact known to me regarding this investigation.  I have set forth only the facts that I believe are necessary to establish probable cause to support the issuance of a search warrant.  The information contained in this Affidavit is based upon my personal knowledge and observation, my training and experience, conversations with other law enforcement officers and witnesses, and review of documents and records.

## **PROBABLE CAUSE**

9.      On February 8, 2024, a residential search warrant was issued for 1305 N.E. 33rd Street, Oklahoma City, Oklahoma 73111.  The warrant was issued during the course of an investigation into attempted online purchases of ammunition using stolen credit cards.  Oklahoma City Police Department officers executed the search warrant on February 9, 2024.

10.     At the time the warrant was executed, several individuals were inside the residence, including **BIRDSONG.**  Officers recovered various personal effects belonging to **BIRDSONG**, including his social security card,

4

medical marijuana card, and Tinker Federal Credit Union card on top of a bed, which was situated in the residence's living room.  A Chrysler 200—registered to **BIRDSONG** at an address of 1305 N.E. 33rd Street, Oklahoma City, Oklahoma 73111—was also parked in front of the residence.  **BIRDSONG's** driver's license also lists 1305 N.E. 33rd Street, Oklahoma City, Oklahoma 73111 as his address.

11.     Also on the bed, next to **BIRDSONG's** personal effects, officers located a Springfield, model XD, .40 caliber pistol, bearing serial number US192850, which was underneath a jacket.  Inside the jacket's interior pocket, officers located nine live rounds of .357 ammunition.

12.     As officers continued to search the area immediately surrounding the bed, they located the **Subject Device**, which was positioned on the floor next to the bed.  No other personal effects belonging to anyone other than **BIRDSONG** were located on the bed, or in the immediate area surrounding the bed.

13.     Officers continued to search the residence and located, in the residence's southeastern bedroom, a Colt, model Delta Elite, 10mm caliber pistol, bearing serial number DS40999, a Glock 9mm pistol magazine, a Smith & Wesson .40 caliber pistol magazine, two Glock .40 caliber pistol magazines, and a Ruger 9mm pistol magazine.

14.    Officers also discovered a shoebox and a cardboard box in the southeastern bedroom.  The shoebox contained a leather holster housing two 10mm pistol magazines and one miscellaneous magazine.  The shoebox also contained miscellaneous firearm parts.  Inside the cardboard box, officers recovered a bag with two .40 caliber pistol rounds.

15.    In the closet of the northeastern bedroom of the residence, officers recovered a machinegun conversion device, commonly known as a Glock Switch.  Officers also recovered a Glock, model 22, .40 caliber pistol, bearing serial number KSL943.[1]  Law enforcement later determined, after searching the National Crime Information Center database, that the Glock .40 caliber pistol had been stolen.

16.    On February 13, 2024, I provided detailed photos of the (1) Springfield, model XD, .40 caliber pistol, bearing serial number US192850; (2) Glock, model 22, .40 caliber pistol, bearing serial number KSL943; and (3) Colt, model Delta Elite, 10mm caliber pistol, bearing serial number DS40999 to Special Agent Brenden Taylor, an ATF nexus examiner.  Special Agent Taylor confirmed that each firearm was manufactured outside of the state of Oklahoma.

---

[1] The Glock's back plate had been removed, which is consistent with the attachment of a Glock Switch.

17.    On February 9, 2024, I provided detailed photos of the Glock Switch to an ATF Firearms and Ammunition Technology Division and received confirmation that the device meets the statutory definition of a machinegun pursuant to 18 U.S.C. § 921(a)(24) and 26 U.S.C. § 5845(b).

18.    The **Subject Device** has remained in the custody of ATF at its Oklahoma City field office, located at 901 N.E. 122nd Street, Oklahoma City, Oklahoma 73114.  The **Subject Device** has been stored and secured such that its contents, to the extent material to this investigation, are in substantially the same state as the time the **Subject Device** was seized.

19.    Based on my training and experience, I am aware that individuals involved in the violation of federal firearms laws often use cellphones to maintain contact with individuals who transport and illegally sell firearms and machinegun conversion devices.   Specifically, these individuals often use cellphones to purchase and sell firearms and machinegun conversion devices on the Internet, send photos and/or videos of the firearms and machinegun conversion devices that they intend to purchase and/or sell, send videos of firearms and machinegun conversion devices to prove their functionality, and coordinate in-person transactions for firearms and machinegun conversion devices.  Such cellphones and their associated memory cards commonly contain electronically stored information which constitutes evidence of federal firearms

offenses including, but not limited to, the phone directory and/or contacts list, calendar, text messages, e-mail messages, call logs, photographs, and videos.

20.     Based on my training and experience, I know that electronic devices like the **Subject Device** can store information for long periods of time, even years.   Similarly, things that have been viewed via the Internet are typically stored for some period of time on the electronic device.   This information can sometimes be recovered months or years later using readily available forensic tools.   This is true even if the user of the electronic device deleted the file.   This is so because when a person "deletes" a file on a computer or electronic device, the data contained in the file does not actually disappear; rather, the data remains on the storage medium until it is overwritten by new data.

## **AUTHORIZATION REQUEST**

21.     Based on the above information, there is probable cause to believe that violations of 18 U.S.C. § 922(j) and 18 U.S.C. § 922(o) have occurred, and that evidence of these offenses is located on the **Subject Device**.   Therefore, I respectfully request that this Court issue a search warrant for the **Subject Device**, described in **Attachment A**, authorizing the seizure of the items described in **Attachment B**.

22.     Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the **Subject**

**Device** consistent with the warrant.  The examination may require law enforcement to employ techniques including, but not limited to, computer-assisted scans of the entire medium, which might expose many parts of the **Subject Device** to human inspection in order to determine whether it is evidence described by the warrant.

23.    Because the warrant seeks only permission to examine devices already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises.  Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

Respectfully submitted,

DAVID J. McCAULEY, JR.
Special Agent, Bureau of Alcohol,
Tobacco, Firearms and Explosives

Subscribed and sworn on this 15th day of February, 2024.

SHON T. ERWIN
United States Magistrate Judge
Western District of Oklahoma

## ATTACHMENT A

The property to be search is **a silver Apple iPad, 5ᵗʰ Generation, IMEI Number 355807085661311 (Subject Device),** which is currently located in secure evidence storage at the Bureau of Alcohol, Tobacco, Firearms and Explosives' Oklahoma City Field Office, 901 N.E. 122nd Street, Oklahoma City, Oklahoma 73114.   This warrant authorizes the forensic examination of the **Subject Device** for the purpose of identifying the electronically stored information described in **Attachment B.**





## ATTACHMENT B

1.     All records on the **Subject Device**, described in **Attachment A**, that relate to violations of 18 U.S.C. § 922(j) and 18 U.S.C. § 922(o)(1) involving **BIRDSONG**, including:

a.  electronically stored information, including, but not limited to, the phone directory and/or contact list, calendar, text messages, multi-media messages, email messages, call logs, photographs, and videos;

b.  any information recording **BIRDSONG's** schedule or travel, including, but not limited to, location information and data;

c.  any photographs or videos of firearms and machinegun conversion devices;

d.  any phone records between known or unknown co-conspirators;

e.  any text messages, instant messages, email messages, or electronic messages communicating between known or unknown co-conspirators;

f.  any information related to sources of firearms and machinegun conversion devices (including names, addresses, phone numbers, or any other identifying information); and

g.  any bank records, checks, credit card bills, account information, and other financial records, including financial records within applications such as CashApp and Venmo.

2.     Evidence of user attribution showing who used or owned the **Subject Device** at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history.

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.